UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CARTER,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY BOARD OF SUPERVISORS, et al.,<br><br>    Defendants. | Case No. 5:14-cv-02009 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 24, 28, 35 |

Presently before the court are three Motions to Dismiss filed by Defendants. See Docket Item Nos. 24, 28, 35. Plaintiff William Carter ("Plaintiff") did not file written opposition to these motions, despite being served. Accordingly, the court finds these matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The associated hearings will be vacated and these motions will be granted.

The lack of opposition raises the issue of whether this action should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b); see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). A plaintiff's failure to file an opposition to a motion to dismiss as required by this district's local rules can constitute grounds for dismissal under Rule 41(b). See Espinosa v. Washington Mut. Bank, No. C 10-04464 SBA, 2011 U.S. Dist. LEXIS 12948, at *3, 2011 WL 334209 (N.D. Cal. Jan. 31, 2011); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for

1

Case No.: 5:14-cv-02009 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

dismissal."). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Having carefully considered the relevant factors, the court concludes they favor the dismissal of this action. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This factor is particularly compelling under these circumstances since Plaintiff failed to timely respond to *three* motions - two of which were filed over four months ago. It therefore appears to the court that Plaintiff no longer wishes to pursue this action.

For the second factor, the court must be able to manage its docket "without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642; see also Ferdik, 963 F.2d at 1261 (noting that a litigant's non-compliance with rules and orders diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). The third factor also weights strongly in favor of dismissal because Plaintiff has offered no explanation for his failure to oppose or respond to the dismissal motions. See Espinosa, 2011 U.S. Dist. LEXIS 12948, at *5.

As to the fourth factor, the court has considered whether to issue an order to show cause prior to dismissal, or to grant the motions to dismiss with leave to amend. But since Plaintiff's non-compliance applies to several motions rather than just one, the court believes it unnecessary to allow Plaintiff yet another opportunity to respond. Moreover, since most of Plaintiff's claims appear either time-barred or precluded as a matter of law, allowing Plaintiff to file an amended complaint would be futile.

For the fifth factor, though the public policy favoring disposition of cases on their merits often weighs against dismissal, it is overridden here by the cumulative weight of the preceding factors. See Pagtalunan, 291 F.3d at 643 (affirming dismissal of action where three of the five

2
Case No.: 5:14-cv-02009 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

factors weighed in favor of that result).

Based on the foregoing, Defendants' unopposed Motions to Dismiss are GRANTED and the amended complaint filed on August 7, 2014, is DISMISSED WITHOUT LEAVE TO AMEND. The hearings scheduled for January 15, 2015, and February 26, 2015, are VACATED. Judgment will be entered in favor of Defendants and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 5, 2015

EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:14-cv-02009 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS